IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

|  |  |
|---|---|
| JOHN DOES #1–9,<br><br>    Plaintiffs,<br><br>    *vs.*<br><br>WILLIAM B. LEE, *et al.*,<br><br>    Defendants. | **Case No. 3:21-cv-00590**<br><br>**Case No. 3:21-cv-00593**<br><br>**Case No. 3:21-cv-00594**<br><br>**Case No. 3:21-cv-00595**<br><br>**Case No. 3:21-cv-00596**<br><br>**Case No. 3:21-cv-00597**<br><br>**Case No. 3:21-cv-00598**<br><br>**Case No. 3:21-cv-00624**<br><br>**Case No. 3:21-cv-00671**<br><br>**Judge Trauger** |

## PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiffs contend the following facts are material to their motion for summary judgment and are not genuinely disputed:

1.      Tennessee's first sex offender registration law became effective on January 1, 1995. 1994 Tenn. Pub. Acts, ch. 976, § 11.

**RESPONSE:**

2.      The Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, codified as amended at Tenn. Code Ann. §§ 40-39-201–40-39-218 (West 2022) (the "Act"), became effective on August 1, 2004. 2004 Tenn. Pub. Acts, ch. 921, § 6.

**RESPONSE:**

3. Plaintiffs were convicted of sex offenses that occurred before January 1, 1995. Doc. 37-1 at 1, Doc. 37-2 at 1, Doc. 37-3 at 1, Doc. 37-4 at 1, Doc. 37-5 at 1, Doc. 37-6 at 1, Doc. 37-7 at 1, Doc. 37-8 at 1, Doc. 47-1 at 1.

**RESPONSE:**

4. Based solely on these offenses, each Plaintiff is required to comply with the Act. Doc. 37-1 at 2, Doc. 37-2 at 2, Doc. 37-3 at 2, Doc. 37-4 at 2, Doc. 37-5 at 2, Doc. 37-6 at 2, Doc. 37-7 at 2, Doc. 37-8 at 2, Doc. 47-1 at 1.

**RESPONSE:**

5. Each Plaintiff is classified as a "violent sexual offender" under the Act. Doc. 37-1 at 2, Doc. 37-2 at 2, Doc. 37-3 at 2, Doc. 37-4 at 2, Doc. 37-5 at 14, Doc. 37-6 at 2, Doc. 37-7 at 2, Doc. 37-8 at 2, Doc. 47-1 at 2.

**RESPONSE:**

6. Doe #5 and Doe #7 are each also classified as an "offender against children." Doc. 37-5 at 14, Doc. 37-7 at 2.

**RESPONSE:**

7. A sex offender's classification and obligations as a "sexual offender," "violent sexual offender," or "offender against children" under the Act are based solely on the sex offenses for which the offender was convicted and the age of the victim of that offense. Parties' agreement memorialized in email between counsel dated September 16, 2022.

**RESPONSE:**

8. A sex offender's classification and obligations under the Act are not based on or affected by an individualized assessment of the offender's risk of committing sex offenses. Parties' agreement memorialized in email between counsel dated September 16, 2022.

**RESPONSE:**

9. A sex offender's classification and obligations under the Act as a "violent sexual offender" or an "offender against children" are not based on or affected by the age of the offense or the offender or a psychological assessment of the offender. Parties' agreement memorialized in email between counsel dated September 16, 2022.

**RESPONSE:**

10. The Tennessee Bureau of Investigation ("TBI") has recommended law enforcement officers use range finders or property assessor records to determine a sex offender's distance from restricted areas under the Act. Parties' agreement memorialized in email between counsel dated September 16, 2022.

**RESPONSE:**

11. The Tennessee Sex Offender Registry web site does not provide a map showing the property line of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center, or public athletic field available for use by the general public in Tennessee or the showing the 1,000 foot boundary from those property lines. Parties' agreement memorialized in email between counsel dated September 16, 2022.

**RESPONSE:**

12. The TBI maintains a drug free zone map, but this map is not intended to be relied upon by sex offender, sex offenders have no right to rely upon the accuracy of the map, and the Tennessee Sex Offender Registry web site does not refer offenders to it. Parties' agreement memorialized in email between counsel dated September 16, 2022.

**RESPONSE:**

13. Defendants do not monitor or track data regarding recidivism by registrants or impact of registration on recidivism. Parties' agreement memorialized in email between counsel dated September 16, 2022.

**RESPONSE:**

14. Defendants have no evidence showing that the Act generally reduces the incidence of criminal offenses, other than statements of law enforcement, including the declarations of Paul Grady (Doc. 55-3) and Henrietta Kerley (Doc. 55-4). Parties' agreement memorialized in email between counsel dated September 16, 2022.

**RESPONSE:**

15. Defendants have no empirical evidence showing that the Act provides any other societal benefits, other than statements of law enforcement, including the declarations of Paul Grady (Doc. 55-3) and Henrietta Kerley (Doc. 55-4). Parties' agreement memorialized in email between counsel dated September 16, 2022.

**RESPONSE:**

16. Defendants have no evidence showing that the legislature considered any evidence in enacting any aspect of the Act. Parties' agreement memorialized in email between counsel dated September 16, 2022.

**RESPONSE:**

17. Defendants have no evidence showing that failure to enforce the Act against Plaintiffs will increase the likelihood of Plaintiffs committing future criminal offenses, other than the declarations of Paul Grady (Doc. 55-3) and Henrietta Kerley (Doc. 55-4). Parties' agreement memorialized in email between counsel dated September 16, 2022.

**RESPONSE:**

18.     Defendants have no evidence showing the legislature's rationale for enacting the Act other than the findings stated in Tenn. Code Ann. § 39-20-201(b). Parties' agreement memorialized in email between counsel dated September 16, 2022.

**RESPONSE:**

19.     Defendants have no justification for administering the Act other than its text. Parties' agreement memorialized in email between counsel dated September 16, 2022.

**RESPONSE:**

Dated: October 7, 2022.

Respectfully submitted:

/s/ W. Justin Adams
Edward M. Yarbrough (TN BPR # 004097)
Jonathan P. Farmer (TN BPR # 020749)
W. Justin Adams (TN BPR # 022433)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, Tennessee 37219
Telephone: 615-238-6300
eyarbrough@spencerfane.com
jfarmer@spencerfane.com
wjadams@spencerfane.com

Plaintiffs' Counsel

**CERTIFICATE OF SERVICE**

I certify that on October 7, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by email:

Courtney N. Orr, Esq.
Cody N. Brandon, Esq.
Mallory K. Schiller, Esq.
Miranda Jones, Esq.
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
robert.mitchell@ag.tn.gov
courtney.orr@ag.tn.gov
cody.brandon@ag.tn.gov
mallory.schiller@ag.tn.gov
miranda.jones@ag.tn.gov

Counsel for Defendants

/s/W. Justin Adams
W. Justin Adams