**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| JOHN DOE #1-9, <br><br> *Plaintiffs*, <br><br> v. <br><br> WILLIAM B. LEE, *in his official capacity as* GOVERNOR OF TENNESSEE, *et al.*, <br><br> *Defendants*. | Case Nos.    3:21-cv-590 <br> 3:21-cv-593 <br> 3:21-cv-594 <br> 3:21-cv-595 <br> 3:21-cv-596 <br> 3:21-cv-597 <br> 3:21-cv-598 <br> 3:21-cv-624 <br> 3:21-cv-671 <br><br> District Judge Aleta A. Trauger |

**JOINT MASTER LIST OF STATUTORY PROVISIONS**

Pursuant to the Court's August 27, 2024, Order, the parties jointly submit this "Master List of all requirements associated with the Tennessee sexual offender registry."[1] Director Rausch respectfully notes that the information in this List derives from legislative acts that speak for themselves and take precedence over this filing. The parties will file a separate addendum of those acts and their codifications. Director Rausch also respectfully notes that, by joining this filing, he is not forfeiting any potential defensive arguments, including both jurisdictional and merits-based arguments regarding what portions of legislation are properly at issue in this case.

This list uses the term "48 hours" to denote a continuous 48-hour period not including Saturdays, Sundays or federal or state holidays. *See* Tenn. Code Ann. § 40-39-202(32).

---

[1] Pincites to docket materials reference the PageID numbers in the ECF file stamps.

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| § 40-39-202(30) | Classification of certain offenders as "violent sexual offenders" based on offenses before January 1, 1995 | 2004 Pub. Acts ch. 921, § 1 (excluding pre-January 1, 1995 convictions unless sentence completed on or after January 1, 1995)<br><br>2007 Pub. Acts ch. 465, § 1 (removing exclusion) | 8/1/04<br><br><br><br><br><br>6/21/07 |
| § 40-39-203(a)(1) | Requirement to register or report in person within 48 hours of establishing a primary residence | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| § 40-39-203(a)(1) | Requirement to register or report in person within 48 hours of changing a primary residence | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| § 40-39-203(a)(1) | Requirement to register or report in person within 48 hours of establishing or changing a secondary residence | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| § 40-39-203(a)(1) | Requirement to register or report in person within 48 hours of changing a secondary residence | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| § 40-39-203(a)(1) | Requirement to register or report in person within 48 hours of establishing a physical presence at a particular location | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| § 40-39-203(a)(1) | Requirement to register or report in person within 48 hours of becoming employed or practicing a vocation | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| § 40-39-203(a)(1) | Requirement to register or report in person within 48 hours of becoming a student | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| § 40-39-203(a)(1) | Requirement to register or report in person within 48 hours of release on probation or any alternative to incarceration, excluding parole | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| § 40-39-203(a)(2) | Requirement to register in person, regardless of date of conviction, adjudication, or discharge from supervision, if offender's contact with this state is sufficient to satisfy the requirements of subdivision Tenn. Code Ann. § 40-39-203(a)(1) and if offender was required to register as any form of sexual offender, juvenile offender, or otherwise, in another jurisdiction prior to the offender's presence in this state | 2007 Pub. Acts ch. 465, § 1 | 8/1/07 |
| § 40-39-203(a)(3) | Requirement to register or report address at which offender will reside in new jurisdiction within 48 hours after moving to another state or within 48 hours of becoming reasonably certain of the intention to move to another state | 2006 Pub. Acts ch. 890, § 10 | 7/1/06 |
| § 40-39-203(a)(4) | Requirement to report a change in any other information given to the registering agency by the offender that is contained on the registration form within 48 hours | 2008 Pub. Acts ch. 1164, § 3 | 7/1/08 |
| § 40-39-203(a)(5) | Requirement to report to the proper law enforcement agency within 48 hours of being released from probation or parole | 2008 Pub. Acts ch. 1164, § 3 | 7/1/08 |
| § 40-39-203(a)(6) | Requirement to report material change in employment or vocational status within 48 hours | 2007 Pub. Acts ch. 126, § 1 | 7/1/07 |

| Code Cite | Description | Enactment(s) | Effective |
|-----------|-------------|--------------|-----------|
| § 40-39-203(a)(7) | Requirement to report change in electronic mail address information, any instant message, chat or other internet communication name or identity information that the person uses or intends to use, whether within or without this state within 3 days, excluding holidays | 2008 Pub. Acts ch. 979, § 3 | 7/1/08 |
| § 40-39-203(b)(1) | Requirement to register or report in person within 48 hours before release from incarceration in this state | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| § 40-39-203(b)(2) | Requirement to register or report in person within 48 hours after release from incarceration in this state | 2006 Pub. Acts ch. 890, § 11 | 7/1/06 |
| § 40-39-203(b)(3) | Requirement to register or report in person within 48 hours if incarcerated in this state | 2011 Pub. Acts ch. 267, § 1 | 5/23/11 |
| § 40-39-203(c) | Requirement of offender from another jurisdiction to register or report in person within 48 hours of establishing a primary or secondary residence or physical presence at a particular location | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| § 40-39-203(d)(1) | Requirement of offender from another jurisdiction who is not a resident of this state to register or report in person within 48 hours of employment, commencing practice of a vocation, or becoming a student | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| § 40-39-203(d)(2) | Requirement of offender from another jurisdiction who is not a resident of this state to report within 48 hours making a material change in the offender's vocational or employment or vocational status (including being terminated involuntarily, voluntarily terminating, taking different employment or the same employment at a different location, changing shifts or substantially changing the offender's hours of work at the same employment or vocation, taking additional employment, reducing the offender's employment or any other change in the offender's employment or vocation that differs from that which the offender originally registered, if that change remains in effect for 5 consecutive days or more) within this state | 2007 Pub. Acts ch. 126, § 1 | 7/1/07 |
| § 40-39-203(e) | Requirement of offender from another jurisdiction who becomes a resident of this state, pursuant to the Interstate Compact for Supervision of Adult Offenders, to register or report within 48 hours of entering the state | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| § 40-39-203(f) | Requirement of homeless offenders who do not maintain either a primary or secondary residence to report monthly for so long as they do not maintain either a primary or secondary residence | 2005 Pub. Acts ch. 316, § 1 | 8/1/05 |
| § 40-39-203(h) | Requirement of offender who indicates intent to reside in another jurisdiction who then decides to | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| | remain in this state to report in person within 48 hours | | |
| § 40-39-203(i) | Requirement of offender to provide the enumerated information under penalty of perjury | 1994 Pub. Acts ch. 976, § 4 | 1/1/95 |
| § 40-39-203(i)(1) | Disclosure of complete name and all aliases, including, but not limited to, any names that the offender may have had or currently has by reason of marriage or otherwise, including pseudonyms and ethnic or tribal names | 1994 Pub. Acts ch. 976, § 4 | 1/1/95 |
| § 40-39-203(i)(2) | Disclosure of date and place of birth | 1994 Pub. Acts ch. 976, § 4 | 1/1/95 |
| § 40-39-203(i)(3) | Disclosure of social security number | 1994 Pub. Acts ch. 976, § 4 | 1/1/95 |
| § 40-39-203(i)(4) | Provision of a photocopy of a valid driver license, or if no valid driver license has been issued to the offender, a photocopy of any state or federal government issued identification card | 2008 Pub. Acts ch. 1164, § 3 | 1/1/95 |
| § 40-39-203(i)(5) | For an offender on supervised release, disclosure of the name, address and telephone number of the registrant's probation or parole officer or other person responsible for the registrant's supervision | 1994 Pub. Acts ch. 976, § 4 | 1/1/95 |
| § 40-39-203(i)(6) | Disclosure of sexual offenses or violent sexual offenses for which the registrant has been convicted, the date of the offenses and the county and state of each conviction; or the violent juvenile sexual offense for which the registrant has been adjudicated | 1994 Pub. Acts ch. 976, § 4 | 1/1/95 |

| Code Cite | Description | Enactment(s) | Effective |
|-----------|-------------|--------------|-----------|
| | delinquent, the date of the act for which the adjudication was made and the county and state of each adjudication | | |
| § 40-39-203(i)(7) | Disclosure of name of any current employers and length of employment, including physical addresses and phone numbers | 1994 Pub. Acts ch. 976, § 4 | 1/1/95 |
| § 40-39-203(i)(8) | Disclosure of current physical address and length of residence at that address, which shall include any primary or secondary residences. For the purpose of this section, a post office box number shall not be considered an address | 1994 Pub. Acts ch. 976, § 4 | 1/1/95 |
| § 40-39-203(i)(9) | Disclosure of mailing address, if different from physical address | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| § 40-39-203(i)(10) | Disclosure of any vehicle, mobile home, trailer or manufactured home used or owned by an offender, including descriptions, vehicle information numbers and license tag numbers | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| § 40-39-203(i)(11) | Disclosure of any vessel, live-aboard vessel or houseboat used by an offender, including the name of the vessel, description and all identifying numbers | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| § 40-39-203(i)(12) | Disclosure of name and address of each institution of higher education in this state where the offender is employed or practices a vocation or is a student | 2002 Pub. Acts ch. 469, § 6 | 10/27/02 |
| § 40-39-203(i)(13) | Disclosure of race and gender | 1997 Pub. Acts ch. 466, § 1 | 7/1/97 |

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| § 40-39-203(i)(14) | Disclosure of name, address and phone number of offender's closest living relative | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| § 40-39-203(i)(15) | Disclosure of whether victims of the offender's convictions are minors or adults, the number of victims and the correct age of the victim or victims and of the offender at the time of the offense or offenses, if the ages are known | 2008 Pub. Acts ch. 1164, § 3 | 7/1/08 |
| § 40-39-203(i)(16) | Verification by the TBI or the offender that the TBI has received the offender's DNA sample | 2008 Pub. Acts ch. 1164, § 3 | 7/1/08 |
| § 40-39-203(i)(17) | Disclosure of a complete listing of the offender's electronic mail address information, including usernames, any social media accounts the offender uses or intends to use, instant message, other internet communication platforms or devices, and the offender's username, screen name, or other method by which the offender accesses these accounts or websites | 2008 Pub. Acts ch. 979, § 1 | 7/1/08 |
| § 40-39-203(i)(18) | Disclosure of whether any minors reside in the primary or secondary residence | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| § 40-39-203(i)(19) | Disclosure of any other registration, verification and tracking information, including fingerprints and a current photograph of the offender, vehicles and vessels, as referred to in subdivisions (i)(10) and (i)(11), as may be required by rules promulgated by the TBI, in accordance with the Uniform | 1997 Pub. Acts ch. 476, § 1 (current photograph)  2004 Pub. Acts ch. 921, § 1 (fingerprints and palm prints) | 7/1/97  8/1/04 |

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| | Administrative Procedures Act, compiled in title 4, chapter 5 | | |
| § 40-39-203(i)(20) | Copies of all passports and immigration documents | 2010 Pub. Acts ch. 1138, § 7 | 7/1/10 |
| § 40-39-203(i)(21) | Professional licensing information that authorizes an offender to engage in an occupation or carry out a trade or business | 2010 Pub. Acts ch. 1138, § 7 | 7/1/10 |
| § 40-39-203(j) | Requirement of offenders whose convictions occurred prior to January 1, 1995; who were not on probation, parole or any other alternative to incarceration for a sexual offense or prior sexual offense on or after January 1, 1995; who were discharged from probation, parole or any other alternative to incarceration for a sexual offense or violent sexual offense prior to January 1, 1995; or who were discharged from incarceration without supervision for a sexual offense or violent sexual offense prior to January 1, 1995 to register | 2007 Pub. Acts ch. 465, § 3 | 8/1/07 |
| § 40-39-203(m) | Authorization of TBI to electronically transmit registry information regarding offender's electronic mail address information, any instant message, chat or other internet communication name or identity information to a business or organization that offers electronic communication or remote computing services for the purpose of prescreening users or for comparison with information held by the requesting business or organization | 2008 Pub. Acts ch. 979, § 3 | 7/1/08 |

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| § 40-39-203(n) | Requirement of offender to provide DNA sample if sample has not already been collected pursuant to § 40-35-321 or any other law | 2008 Pub. Acts ch. 1164, § 3 | 7/1/08 |
| § 40-39-203(o) | Requirement of offender who registered or reported prior to July 1, 2008, to provide the additional information on the registration form required after that date at the offender's next scheduled registration or reporting date | 2008 Pub. Acts ch. 1164, § 3 | 7/1/08 |
| § 40-39-203(p) | Requirement of offender housed in a halfway house or any other facility as an alternative to incarceration where unsupervised contact is permitted outside of the facility to register or report | 2011 Pub. Acts ch. 222, § 1 | 5/20/11 |
| 40-39-204(b)(1) | Requirement of "violent sexual offender" to report in person during the months of March, June, September, and December of each calendar year on a date established by the designated law enforcement agency to update the offender's fingerprints, palm prints and photograph and verify the continued accuracy of the information in the TBI registration form | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| 40-39-204(b)(1) | Requirement of "violent sexual offender" at time of initial registration or initial reporting date for the calendar year to pay specified administrative costs, not to exceed $150 | 2008 Pub. Acts ch. 1164, § 4 | 7/1/08 |
| 40-39-204(c) | Requirement of "sexual offender" to report in person no earlier than 7 calendar days before and no later than 7 calendar days after the | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |

| Code Cite | Description | Enactment(s) | Effective |
|-----------|-------------|--------------|-----------|
| | offender's date of birth to update the offender's fingerprints, palm prints and photograph and verify the continued accuracy of the information in the TBI registration form | | |
| 40-39-204(c) | Requirement of "sexual offender" at time of initial report or annual report to pay specified administrative costs, not to exceed $150 | 2008 Pub. Acts ch. 1164, § 4 | 7/1/08 |
| 40-39-204(c) | Requirement of offender released or discharged from a nursing home, assisted living facility, or mental health institution or who is no longer continuously confined to home or a health care facility due to mental or physical disabilities to register or report in person within 48 hours | 2008 Pub. Acts ch. 1164, § 4 | 7/1/08 |
| 40-39-204(e) | Requirement of offender who is reincarcerated for another offense or as the result of having violated the terms of probation, parole, conditional discharge or any other form of alternative sentencing to immediately report offender's status as a sexual offender or violent sexual offender to the facility where the offender is incarcerated or detained and notify the offender's appropriate registering agency | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| 40-39-204(e) | Requirement of offender who is reincarcerated for another offense or as the result of having violated the terms of probation, parole, conditional discharge or any other form of alternative sentencing to register within 48 hours of release | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| 40-39-204(e) | Requirement of offender who is deported to register within 48 hours of return | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| 40-39-204(f) | Requirement of offender released or discharged from a nursing home, assisted living facility, or mental health institution or who is no longer continuously confined to home or a health care facility due to mental or physical disabilities to register or report in person within 48 hours | 2008 Pub. Acts ch. 1164, § 16 | 7/1/08 |
| 40-39-204(g) | Requirement of offenders who do not maintain either a primary or secondary residence to report monthly for so long as they do not maintain either a primary or secondary residence | 2008 Pub. Acts ch. 1164, § 4 | 7/1/08 |
| 40-39-204(h) | Requirement of offender to report at least 21 days before traveling out of the country or at least 24 hours before if offender travels out of the country frequently for work or other legitimate purpose, with the written approval of the designated law enforcement agency, or if the offender travels out of the country for emergency situations | 2011 Pub. Acts ch. 266, § 1 | 7/1/11 |
| 4-39-206(d) | Publication on TBI web site required of the following information about offender: (1) The offender's complete name, as well as any aliases, including, but not limited to, any names that the offender may have had or currently has by reason of marriage or otherwise, including pseudonyms and ethnic or tribal names; (2) The offender's date of birth; (3) The sexual offense or offenses or violent sexual offense | 1997 Pub. Acts ch. 461, § 2<br><br>2002 Pub. Acts ch. 469, § 5 (subpart 10)<br><br>2007 Pub. Acts ch. 531, § 1 (applied to out of state offenders)<br><br>2008 Pub. Act ch. 1164, § 6 (subparts 11–13) | 6/13/97<br><br>10/27/02<br><br>6/27/07<br><br>7/1/08 |

| Code Cite | Description | Enactment(s) | Effective |
|-----------|-------------|--------------|-----------|
| | or offenses of which the offender has been convicted; (4) The primary and secondary addresses, including the house number, county, city and ZIP code in which the offender resides; (5) The offender's race and gender; (6) The date of last verification of information by the offender; (7) The most recent photograph of the offender that has been submitted to the TBI SOR; (8) The offender's driver license number and issuing state or any state or federal issued identification number; (9) The offender's parole or probation officer; (10) The name and address of any institution of higher education in the state at which the offender is employed, carries on a vocation or is a student; (11) The text of the provision of law or laws defining the criminal offense or offenses for which the offender is registered; (12) A physical description of the offender, including height, weight, color of eyes and hair, tattoos, scars and marks; (13) The criminal history of the offender, including the date of all arrests and convictions, the status of parole, probation or supervised release, registration status and the existence of any outstanding arrest warrants for the sex offender; (14) The address of the offender's employer or employers; (15) The license plate number and a description of all of the offender's vehicles; and (16) Whether the offender is an offender against children, as defined by § 40-39-202 | 2010 Pub. Acts ch. 1138, § 10 (subparts 14–15)<br><br>2014 Pub. Acts ch. 770, § 4 | 7/1/10<br><br><br>7/1/14 |

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| 40-39-207(a) | Requirement of offender to register/report minimum of 10 years after termination of active supervision on probation, parole, or any other alternative to incarceration, or discharge from incarceration without supervision (with certain exceptions not relevant to plaintiffs) before eligible to request termination | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| 40-39-207(e) | Requirement of offender to register/report minimum of 5 years after denial of termination request for substantial noncompliance | 2008 Pub. Acts ch. 1164, § 7 | 7/1/08 |
| 40-39-207(f) | Provision that any failure to substantially comply automatically tolls 10-year minimum registration/reporting period | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| 40-39-207(g)(2) | Requirement of offender to register/report for life if offender (A) has multiple prior convictions for a sexual offense; (B) has been convicted of a violent sexual offense; or (C) has been convicted of an offense in which the victim was a child of twelve (12) years of age or less | 2004 Pub. Acts ch. 921, § 1<br><br>2014 Pub. Acts ch. 770, § 2 (child of 12) | 8/1/04<br><br>4/24/14 |
| 40-39-207(i)(1)–(3) | Requirement of offender to register/report minimum of 5 years if not required to register/report before August 1, 2007 or July 1, 2010, based on pre-January 1, 1995 offense, unless violent offense, which case requirement to register/report for life | 2008 Pub. Acts ch. 1164, § 7 (August 1, 2007)<br><br>2010 Pub. Acts ch. 1138, § 11 (July 1, 2010) | 7/1/08<br><br>7/1/10 |

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| 40-39-207(i)(4) | Requirement of offender required to register/report based on non-Tennessee offense that is classified as a "sexual offense" to register/report minimum of the later of 10 years from the date of termination of active supervision or probation, parole or any other alternative to incarceration, or after discharge from incarceration without supervision; or 5 years from being added to Tennessee registry | 2014 Pub. Acts ch. 744, § 2 | 4/22/14 |
| 40-39-208(b) | Violation of Act classified as Class E felony and offender ineligible for suspension of sentence, diversion, or probation until minimum sentence served in its entirety | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| 40-39-208(c)–(e) | First violation subject to mandatory minimum fine of $350 fine and mandatory minimum sentence of 90 days; second violation subject to mandatory minimum fine of $600 fine and mandatory minimum sentence of 180 days; and subsequent violation subject to mandatory minimum fine of $1,100 fine and mandatory minimum sentence of 1 year; except violation solely due to failure to obtain permission pursuant to Tenn. Code Ann. § 40-39-211(d)(2) punishable by fine only | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| 40-39-209 | Prohibition on expungement of sex offender registry records except under Tenn. Code Ann. § 40-32-101 upon dismissal or acquittal | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| 40-39-211(a) | Prohibition of offender to knowingly establish a primary or secondary residence or any other living accommodation or knowingly accept employment within 1,000 feet of the property line of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground (meaning any indoor or outdoor facility that is intended for recreation of children and owned by the state, a local government, or a not-for-profit organization, and includes any parking lot appurtenant to the indoor or outdoor facility), recreation center, or public athletic field available for use by the general public | 2003 Pub. Acts ch. 95, § 1<br><br>2006 Pub. Acts ch. 890, § 20 (public park, playground, recreation center or public athletic field available for use by the general public)<br><br>2018 Pub. Acts ch. 643, § 1 (defining playground) | 7/1/03<br><br>7/1/06<br><br><br><br><br>7/1/18 |
| 40-39-211(b) | Prohibition of offender to knowingly (1) reside within 1,000 feet of the property line on which the offender's former victims or the victims' immediate family members reside; (2) come within 100 feet of any of the offender's former victims, except as otherwise authorized by law; or (3) contact any of the offender's former victims or the victims' immediate family members without the consent of the victim or consent of the victim's parent or guardian if the victim is a minor being contacted by telephone, in writing, by electronic mail, internet services or any other form of electronic communication, unless otherwise authorized by law | 2003 Pub. Acts ch. 95, § 1<br><br>2008 Pub. Act ch. 1164, § 11 (prohibition to contact) | 7/1/03<br><br>7/1/08 |

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| 40-39-211(c) | Prohibition of offender whose victim was a minor to knowingly reside or conduct an overnight visit at a residence in which a minor resides or is present (unless the offender is the parent of the minor, but not if (A) the offender's parental rights have been or are in the process of being terminated as provided by law; (B) any minor or adult child of the offender was a victim of a sexual offense or violent sexual offense committed by the offender; or (C) the offender has been convicted of a sexual offense or violent sexual offense and the following conditions have been satisfied: (i) the victim of the sexual offense or violent sexual offense was a minor twelve (12) years of age or less; and (ii) a circuit court, exercising its jurisdiction over civil matters, has found by clear and convincing evidence that the offender presents a danger of substantial harm to the minor) | 2005 Pub. Acts ch. 316, § 1<br><br>2019 Pub. Acts ch. 374, § 1 (prohibition to conduct an overnight visit) (residence in which a minor is present)<br><br>2020 Pub. Acts ch. 636, § 1 (exception for 12-year old victim) | 8/1/05<br><br>7/1/19<br><br>4/1/20 |
| 40-39-211(d)(1) | Prohibition of offender to knowingly (A) be upon or remain on the premises of any building or grounds of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when the offender has reason to believe children under 18 years of age are present; (B) stand, sit idly, whether or not the offender is in a vehicle, or remain within 1,000 feet of the property line of any building owned or operated by | 2008 Pub. Acts ch. 1164, § 11<br><br>2009 Pub. Acts ch. 597, § 1 (licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public) (exception if the victim was a minor at time of offense and enrolled in the school, day care center, recreation center or other child care center that is participating in the conference or other scheduled event). | 7/1/08<br><br>7/1/09 |

any public school, private or
parochial school, licensed day care
center, other child care facility,
public park, playground,
recreation center or public athletic
field available for use by the
general public in this state when
children under 18 years of age are
present, while not having a reason
or relationship involving custody
of or responsibility for a child or
any other specific or legitimate
reason for being there; or (C) be in
any conveyance owned, leased or
contracted by a school, licensed
day care center, other child care
facility or recreation center to
transport students to or from
school, day care, child care, or a
recreation center or any related
activity thereof when children
under 18 years of age are present
in the conveyance (unless the
offender (A) is a student in
attendance at the school; (B) is
attending a conference with
school, day care, child care, park,
playground or recreation center
officials as a parent or legal
guardian of a child who is enrolled
in the school, day care center,
other child care center or of a child
who is a participant at the park,
playground or recreation center
and has received written
permission or a request from the
school's principal or the facility's
administrator; (C) resides at a state
licensed or certified facility for
incarceration, health or
convalescent care; or (D) is
dropping off or picking up a child
or children and the person is the
child or children's parent or legal
guardian who has provided written

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| | notice of the parent's offender status to the school's principal or a school administrator upon enrollment—but not if the victim of the offender's sexual offense or violent sexual offense was a minor at the time of the offense and the victim is enrolled in the school, day care center, recreation center or other child care center that is participating in the conference or other scheduled event) | | |
| 40-39-211(f) | Violation of Act classified as Class E felony and offender ineligible for suspension of sentence, diversion, or probation until minimum sentence served in its entirety | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |
| 40-39-211(g) | First violation subject to mandatory minimum fine of $350 fine and mandatory minimum sentence of 90 days; second violation subject to mandatory minimum fine of $600 fine and mandatory minimum sentence of 180 days; and subsequent violation subject to mandatory minimum fine of $1,100 fine and mandatory minimum sentence of 1 year; except violation solely due to failure to obtain permission pursuant to Tenn. Code Ann. § 40-39-211(d)(2) punishable by fine only | 2004 Pub. Acts ch. 921, § 1 | 8/1/04 |

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| 40-39-211(h) | Prohibition of 3 or more offenders to establish a primary or secondary residence together or inhabit the same primary or secondary residence at the same time (unless the residence is located on property that is zoned for a use other than residential or mixed-use or the offenders have been sentenced by a court or placed by the board of parole in a residential treatment facility for the purpose of in-house sexual offender treatment) | 2010 Pub. Acts ch. 1145, § 1 | 7/1/10 |
| 40-39-211(k) | Prohibition of offender to be alone with a minor or minors in a private area (unless the offender is the parent of the minor, but not if (A) the offender's parental rights have been or are in the process of being terminated as provided by law; (B) any minor or adult child of the offender was a victim of a sexual offense or violent sexual offense committed by the offender; or (C) the offender has been convicted of a sexual offense or violent sexual offense and the following conditions have been satisfied: (i) the victim of the sexual offense or violent sexual offense was a minor twelve (12) years of age or less; and (ii) a circuit court, exercising its jurisdiction over civil matters, has found by clear and convincing evidence that the offender presents a danger of substantial harm to the minor) | 2015 Pub. Acts ch. 516, § 1 | 7/1/15 |

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| 40-39-213 | Requirement of offender who is a resident of this state to obtain and present within 60 days of registration a valid driver license or photo identification card that has been properly designated by the department of safety pursuant to § 55-50-353 or if ineligible some other form of identification card or documentation provided by department of safety that, if it is kept in the offender's possession, will satisfy the requirements of this section and § 55-50-35. Violation punishable as Class E felony by fine only of not less than $250 | 2010 Pub. Acts ch. 1138, § 13 | 7/1/10 |
| | Requirement of offender to always have in his possession at all times properly designated driver license or photo identification card or if ineligible some other form of identification card or documentation provided by department of safety that, if it is kept in the offender's possession, will satisfy the requirements of this section and § 55-50-35. Violation punishable as Class E felony by fine only of not less than $250 | 2008 Pub. Acts ch. 1143, § 1 | 7/1/08 |
| 40-39-215(a)(1)(A) | Prohibition of offender to knowingly pretend to be, dress as, impersonate or otherwise assume the identity of a real or fictional person or character or a member of a profession, vocation or occupation while in the presence of a minor or with the intent to attract or entice a minor to be in the presence of the offender | 2008 Pub. Acts ch. 1164, § 13 | 7/1/08 |

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| 40-39-215(a)(1)(B) | Prohibition of offender to knowingly engage in employment, a profession, occupation or vocation, regardless of whether compensation is received, that the offender knows or should know will cause the offender to be in direct and unsupervised contact with a minor | 2008 Pub. Acts ch. 1164, § 13 | 7/1/08 |
| 40-39-215(a)(1)(C) | Prohibition of offender to knowingly operate, whether authorized to do so or not, any vehicle or specific type of vehicle, including, but not limited to, an ice cream truck or emergency vehicle, for the purpose of attracting or enticing a minor to be in the presence of the offender | 2008 Pub. Acts ch. 1164, § 13 | 7/1/08 |
| 40-39-215(b) | Prohibition of offender, if the offender's victim was a minor, to knowingly rent or offer for rent a swimming pool, hot tub, or other body of water to be used for swimming that is located on property owned or leased by the offender or is otherwise under the control of the offender | 2022 Pub. Acts ch. 1058, § 2 | 7/1/22 |
| 40-39-216 | Authorization of public library boards to reasonably restrict access of (including imposing a total ban on) any person listed on the sexual offender registry after considering: (1) The likelihood of children being present in the library at the times and places to be restricted; (2) The age of the victim of the offender; and (3) The chilling effect of the use of the library by other patrons if the offender is not restricted; and | 2011 Pub. Acts ch. 287, § 1<br><br>2017 Pub. Acts Ch. 126, § 15 (criminal trespass) | 5/27/11<br><br>7/1/17 |

| Code Cite | Description | Enactment(s) | Effective |
|---|---|---|---|
| | defining violations of restrictions as criminal trespass | | |
| 40-39-217(a)(2) | Requirement to pay $50 fee (at same time as $150 administrative fee) for community notification system if enacted by local government | 2014 Pub. Acts ch. 751, § 1 | 4/22/14 |

Dated: November 18, 2024

Respectfully submitted,

/s/ W. Justin Adams
W. Justin Adams
TN BPR # 022433
Edward M. Yarbrough
TN BPR # 004097
Jonathan P. Farmer
TN BPR # 020749
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, Tennessee 37219
Telephone: 615-238-6300
eyarbrough@spencerfane.com
jfarmer@spencerfane.com
wjadams@spencerfane.com
 *Counsel for Plaintiffs*

JONATHAN SKRMETTI
 *Tennessee Attorney General & Reporter*

CODY BRANDON
 *Managing Attorney*

MIRANDA JONES
 *Senior Assistant Attorney General*

/s/ Gabriel Krimm
GABRIEL KRIMM
 *Senior Assistant Solicitor General*
Office of the Tennessee
 Attorney General & Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 532-5596
BPR No. 036087
Gabriel.Krimm@ag.tn.gov
 *Counsel for the TBI Director*

**CERTIFICATE OF SERVICE**

I certify that I filed the above document using the Court's CM/ECF system on November

18, 2024, which electronically served a copy to all counsel of record, namely:

**W. Justin Adams**
**Edward M. Yarbrough**
**Jonathan P. Farmer**
 *Counsel for Plaintiffs*

**Cody N. Brandon**
**Miranda Jones**
**Gabriel Krimm**
 *Counsel for the Governor and TBI Director*

*/s/ W. Justin Adams*
W. Justin Adams
